**Order filed November 13, 2019**



In The

# Fourteenth Court of Appeals

_____

## NO. 14-19-00832-CV

_____

### IN THE INTEREST OF A.S.G., AND N.P.G., CHILDREN

**On Appeal from the 309th District Court
Harris County, Texas
Trial Court Cause No. 2018-04741**

_____

## NO. 14-19-00833-CV

_____

### IN THE INTEREST OF E.H., A CHILD

**On Appeal from the 309th District Court
Harris County, Texas
Trial Court Cause No. 2017-29859**

_____

## NO. 14-19-00834-CV

_____

### IN THE INTEREST OF N.A.H., A CHILD,

**ORDER**

Each of these three appeals is from a judgment in a suit in which the termination of the parent-child relationship is at issue ("parental termination case"). The notices of appeal were filed October 21, 2019. Appeals in parental termination cases are to be brought to final disposition within 180 days of the date the notice of appeal is filed. *See* Tex. R. Jud. Admin. 6.2(a) (effective May 1, 2012). The trial and appellate courts are jointly responsible for ensuring that the appellate record is timely filed. *See* Tex. R. App. P. 35.3(c).

Court reporter Tony Baiamonte III has notified this court that he is unable to produce his portion of the reporter's record (volumes 2, 5, and 6) because the electronic recording is inaudible. Rule 34.6(f) of the Texas Rules of Appellate Procedure provides that an appellant is entitled to a new trial under the following circumstances:

(1)    if the appellant timely requested a reporter's record;

(2)    if, without the appellant's fault, a significant exhibit or a significant portion of the court reporter's notes and records has been lost or destroyed or—if the proceedings were electronically recorded—a significant portion of the recording has been lost or destroyed or is inaudible;

(3)    if the lost, destroyed, or inaudible portion of the reporter's record, or the lost or destroyed exhibit, is necessary to the appeal's resolution; and

(4)    if the lost, destroyed or inaudible portion of the reporter's record cannot be replaced by agreement of the parties, or the lost or destroyed exhibit cannot be replaced either by agreement of the parties or with a copy determined by the trial court to accurately

duplicate with reasonable certainty the original exhibit.

Tex. R. App. P. 34.6(f).

Accordingly, the trial court is directed to conduct a hearing to determine the following in each of these three cases: (1) whether appellant timely requested a reporter's record; (2) whether, without the appellant's fault, significant portions of the record have been lost or destroyed or—if the proceedings were electronically recorded—a significant portion of the recording has been lost or destroyed or is inaudible; (3) whether the lost or destroyed portions of the record are necessary to appellant's appeal; and (4) whether the parties can agree on replacement of the portions of the record. The trial court is directed to reduce its findings to writing and to have supplemental clerk's records containing those findings filed with the clerk of this court, together with reporter's records from the hearing, by **November 22, 2019**.

PER CURIAM

Panel consists of Chief Justice Frost and Justices Christopher and Bourliot.